IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ISIAH J. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3053 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| J. WILLIAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 139, the parties' Stipulation granting the plaintiff's attorney access to the plaintiff's records which are in the custody of the Nebraska Department of Correctional Services ("DCS"), an agency of the State of Nebraska. State law affords the plaintiff a limited right to seek inspection and copies of his inmate file and other records pursuant to Neb. Rev. Stat. §§ 71-8401 to 71-8407. For example, Neb. Rev. Stat. § 71-8403, entitled "Access to medical records," states:

> (1) A patient may request a copy of the patient's medical records or may request to examine such records. Access to such records shall be provided upon request pursuant to sections 71-8401 to 71-8407, except that mental health medical records may be withheld if any treating physician, psychologist, or mental health practitioner determines in his or her professional opinion that release of the records would not be in the best interest of the patient unless the release is required by court order. The request and any authorization shall be in writing and shall be valid for one hundred eighty days after the date of execution by the patient.
>
> (2) Upon receiving a written request for a copy of the patient's medical records under subsection (1) of this section, the provider shall furnish the person making the request a copy of such records not later than thirty days after the written request is received.
>
> (3) Upon receiving a written request to examine the patient's medical records under subsection (1) of this section, the provider shall, as promptly as required under the circumstances but no later than ten days after receiving the request: (a) Make the medical records available for examination during regular business hours; (b) inform the patient if the records do not exist or cannot be found; (c) if the provider does not maintain the records, inform the patient of the name and address of the provider who maintains such records,

1

if known; or (d) if unusual circumstances have delayed handling the request, inform the patient in writing of the reasons for the delay and the earliest date, not later than twenty-one days after receiving the request, when the records will be available for examination. The provider shall furnish a copy of medical records to the patient as provided in subsection (2) of this section if requested.

(4) This section does not require the retention of records or impose liability for the destruction of records in the ordinary course of business prior to receipt of a request made under subsection (1) of this section. A provider shall not be required to disclose confidential information in any medical record concerning another patient or family member who has not consented to the release of the record."

See also Neb. Rev. Stat. § 83-178(2): "An inmate may obtain access to his or her medical records by request to the provider pursuant to sections 71-8401 to 71-8407 notwithstanding the fact that such medical records may be a part of his or her individual department file. The department retains the authority to withhold mental health and psychological records of the inmate when appropriate."

Therefore, DCS shall produce for the plaintiff's inspection and copying no less than that which state law allows and, if the Stipulation contemplates any more than allowed by state law, the more expansive scope of production is approved.  In addition, DCS shall charge the plaintiff's attorney no more than the law allows, and, ideally, no more than the **actual** cost of copying the materials, as the cost will, in reality, be borne by the public, as the plaintiff is proceeding in forma pauperis, and the plaintiff's attorney will be reimbursed.

Insofar as the parties' Stipulation (filing no. 139) is consistent with this Memorandum and Order, filing no. 139 is granted and approved.

DATED this 20th day of February, 2007.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge