```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEBRASKA

ISIAH J. JONES,                  )
                                 )
            Plaintiff,           )         4:05CV3053
                                 )
     v.                          )
                                 )
J. WILLIAM, Tecumseh State       )       MEMORANDUM AND ORDER
Prison Medical Staff (CMS), in   )
their individual and official    )
capacities, and K. GALATAS,      )
Tecumseh State Prison Medical    )
Staff (CMS), in their            )
individual and official          )
capacities,                      )
                                 )
            Defendants.          )
                                 )
```

Plaintiff has moved to compel the "defendants and or [sic] Nebraska Department of Correctional Services" (hereinafter "DCS") to make plaintiff available for a physical examination and testing in accordance with the court's order of May 7, 2007, filing 151, which ordered the Department to produce plaintiff for a medical examination pursuant to <u>Fed. R. Civ. P.</u> 35. Plaintiff contends the desired tests could not be performed during the plaintiff's one-day excursion to the doctor's offices, and seeks to require DCS or defendants to produce him for another examination. DCS responds that it did comply with the court's order and did produce plaintiff for a medical examination pursuant to the court's order and has no further obligation to produce the plaintiff for another such examination. Filing 172.

DCS has the better of the arguments here. The order at issue, entered when DCS was still a defendant, says:

> Defendants shall make Plaintiff available for physical
> examination by a suitably licensed or certified

>     physician of Plaintiff's choosing at a mutually
>     agreeable time and place, and *in a manner and scope
>     deemed appropriate by the examining physician and
>     Plaintiff's counsel.*

Filing 151. (Emphasis Added). The order by its terms directed the plaintiff's counsel and the examining physician to determine the "manner and scope" of the examination. No obligation was placed on the defendants or DCS to do so; in fact, they were not authorized to participate in such a determination.

Plaintiff has filed an affidavit of Dr. David Allen in support of the motion. It does recite that he "obtained blood work" regarding plaintiff from a lab located in Lincoln and that on July 5, 2007 plaintiff was transported to his office, where "a chest x-ray and electrocardiogram (EKG) were performed." Filing 180, Exhibit 1. Contrary to the assertions in plaintiff's briefs in support of the motion, there is no evidence to the effect that more time was necessary or agreed upon for conducting additional testing or examination, nor what the "manner and scope" of the examination was agreed to be. If the doctor did not perform all the testing and examination that he agreed to perform, that is a matter to take up with the doctor, not DCS. DCS followed the court's order in producing and transporting the plaintiff; they had no further obligation under the order.

IT THEREFORE HEREBY IS ORDERED,

The motion to compel, filing 171, is denied.

DATED this 2nd day of October, 2007.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge