IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ISIAH J. JONES, | ) | 4:05CV3053 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES, et | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |

On March 14, 2008, the court entered judgment and dismissed this case. (Filing 196, 197.) On March 26, 2008, Plaintiff filed a notice of appeal of the court's judgment (filing 198), as well as a motion to alter or amend judgment (filing 199). Plaintiff had appointed counsel to assist him during this case, but counsel has apparently become unreachable, causing Plaintiff to file his notice of appeal and motion to alter or amend without the benefit of counsel.

### *Motion to Alter or Amend*

Plaintiff's motion to alter or amend asks this court to invalidate its judgment because "plaintiff can propound a sufficient showing of 'deliberate disregard,' as an essential element of his case and complaint"; Plaintiff intended to submit certain evidence, but prison officials placed him in the segregation unit for alleged misconduct and confiscated his legal work and documents until "some days ago"; Plaintiff attempted to contact counsel to explain this "dilemma, to no avail"; and Plaintiff "is equipped with relevant documents that could now preclude and hinder the defendants['] summary judgment motion."  (Filing 199, at 1-2.)

Plaintiff claims that there was an impediment to his filing evidence that would have prevented the entry of summary judgment in favor of the defendants; however, Plaintiff managed to successfully file fifteen exhibits in opposition to the defendants' motion for summary judgment in a timely fashion, including eight detailed, comprehensive, and multiple-page affidavits; discovery documents; grievances; and inmate-interview forms.  (Filing 193.)  While Plaintiff claims to have evidence creating a genuine issue of material fact precluding the entry of summary judgment, he has failed to describe the nature of that evidence, and he has not submitted such evidence to the court.  Further, he has failed to explain how that evidence would have mandated a different result, especially when there is evidence on file from an independent physician hired by *the plaintiff's own family* stating the physician's opinion that "Mr. Jones is receiving the best possible care by the medical staff at the Tecumseh Facility.  The care seems appropriate and reasonable and is only hampered by Mr. Jones' own unwillingness to comply with the medication regimen."  (Filing 189-3, at CM/ECF p. 25.)

Accordingly, I shall deny Plaintiff's motion to alter and amend judgment.

### Notice of Appeal

When Plaintiff filed his notice of appeal, he did not submit the appellate filing fee of $455.00, nor did he submit a motion to proceed in forma pauperis ("IFP"). Plaintiff is a prisoner and has previously been granted leave to proceed IFP.  (Filing 11.)

Pursuant to the Prison Litigation Reform Act ("PLRA"), an incarcerated civil appellant is required to pay the full amount of the $455.00 filing fee by making monthly payments to the court, even if he or she is proceeding in forma pauperis.  28 U.S.C. § 1915(b).  Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a

period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (internal citations omitted).

*Henderson* established the following procedures for notifying pro se prisoners of their appellate filing fee obligations:

> (1) When the district court notifies the prisoner . . . in a civil action of its judgment, the court shall notify the prisoner that:
>
>> (a) the filing of a notice of appeal by the prisoner makes the prisoner liable for payment of the full $[455] appellate filing fees regardless of the outcome of the appeal;
>>
>> (b) by filing a notice of appeal the prisoner consents to the deduction of the [fees] from the prisoner's prison account by prison officials;
>>
>> (c) the prisoner must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing the notice of appeal; and
>>
>> (d) failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

*Id.* at 483-84.

Therefore, the court will permit Plaintiff additional time to consider the effect of filing a notice of appeal in this action in light of the foregoing notification. Plaintiff shall have ten days in which to file a notice of withdrawal of appeal. In the event that Plaintiff does withdraw his appeal, he will not be liable for the $455.00

appellate filing fee.  In the event that Plaintiff seeks to proceed with his appeal, he shall submit to the Clerk of the Court either the full $455.00 appellate filing fee or a certified copy of his prison account for the last six months within 20 days of the date of this order.  As set forth in *Henderson*, if Plaintiff does not timely submit the required prison account information, the court will assess "an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances."  *Henderson*, 129 F.3d at 484.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's motion to alter or amend judgment (filing 199) is denied.

2.     Plaintiff shall have ten days, or until April 15, 2008, in which to file a notice of withdrawal of appeal in this matter.  If Plaintiff does file a notice of withdrawal of appeal, he will not be liable for the $455.00 appellate filing fee and the appeal will not proceed.

3.     In the event that Plaintiff seeks to proceed with his appeal, he shall submit to the Clerk of the Court either the full $455.00 appellate filing fee or a certified copy of his prison account for the last six months within 20 days of the date of this order, or no later than April 21, 2008.

4.     If Plaintiff does not timely submit the required prison account information, the court will assess "an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances."  *Henderson*, 129 F.3d at 484.

5.     The Clerk of the Court shall not process the appeal in this matter pending further order of the court.

DATED this 1st day of April, 2008.

> BY THE COURT:
> s/ *Richard G. Kopf*
> United States District Judge